UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| United States | 1:18-CR-0474 (ARR) |
| — against — | |
| Ngomani Dekattu, | Not for Publication |
| *Defendant.* | Opinion & Order |

ROSS, United States District Judge:

The defendant in this case has been accused of possessing a firearm after having been convicted of a felony. *See* Indictment ¶ 1, ECF No. 7. He has moved to suppress "tangible evidence" that was seized when he was stopped and then arrested by members of the New York Police Department, as well as statements that he made to those officers, and a hearing on that motion is scheduled before this court for February 25, 2019. Notice of Mot., ECF No. 26. In advance of that hearing, the government has moved to preclude the defendant from cross-examining the government's witnesses regarding certain civil lawsuits and certain complaints filed with the NYPD Internal Affairs Bureau and the Civilian Complaint Review Board against the witnesses. *See* Gov't Mot. 1–4, ECF No. 30. In response, the defendant has requested production of Officer Jose Villafane's underlying disciplinary files. *See* Def.'s Resp., ECF No. 31.

With regard to Officer Villafane, the government seeks to preclude cross-examination regarding five "substantiated" IAB cases, one "substantiated" CCRB complaint, and one civil lawsuit. Gov't Mot. 3–4.

The lawsuit against Officer Villafane was dismissed for failure to prosecute. *See Rogers v. Villafane*, No. 12-cv-3042 (CBA)(MDG), 2013 WL 3863914, at *1 (E.D.N.Y. July 24, 2013).

1

The case involved no findings of fact or credibility findings as to Officer Villafane. "[T]he existence of a complaint containing unproven allegations" is not probative of Officer Villafane's truthfulness (*United States v. Ahmed*, 14-cr-277 (DLI), 2016 WL 3647686, at *3 (E.D.N.Y. July 1, 2016)), and the defendant's request is accordingly denied as to the lawsuit.

Although the government states that "Police Officer Villafane has five substantiated IAB cases," its letter describes only four of them. *See* Gov't Mot. 3; Def.'s Resp. 2 n.1. The four IAB cases that are described pertain to misconduct wholly unrelated to the instant case. "Courts admit extrinsic acts as evidence of a pattern or practice under Rule 404(b) when those acts share 'unusual characteristics' with the acts alleged or represent a 'unique scheme.'" *Bermudez v. City of New York*, No. 15-CV-3240 (KAM)(RLM), 2019 WL 136633, at *6 (E.D.N.Y. Jan. 8, 2019) (quoting *Phillips v. City of New York*, 871 F. Supp. 2d 200, 203 n.2 (E.D.N.Y. 2012)). That is plainly not the case here.

The defendant's argument that Officer Villafane's "pattern of misconduct gives rise to an inference of willfulness that by itself reflects upon honesty" (Def.'s Resp. 1–2) fails. In the cases cited by the defendant, the "patterns of misconduct" at issue were inherently dishonest. *See United States v. Acosta*, 111 F. Supp. 2d 1082, 1091 (E.D. Wis. 2000) ("Special Agent Craft was thus a party to a deliberate lie."), *aff'd sub nom. United States v. Olson*, 450 F.3d 655 (7th Cir. 2006); *United States v. Dreyer*, No. CR12-119-MJP, 2016 WL 3198277, at *3 (W.D. Wash. June 9, 2016) ("Detective Schrimpsher's dishonesty, both through omission and through false statements, was demonstrated repeatedly."), *appeal dismissed*, No. 16-30166 (9th Cir. Nov. 14, 2016).

Accordingly, the defendant's request is denied as to the four IAB cases described by the government. The government, however, is directed to disclose to the court and to the defendant as soon as possible this afternoon the nature of the fifth substantiated IAB case.

According to the defendant, one substantiated CCRB charge describes conduct relating to the principal question at issue in this case—namely, whether the officers had reasonable suspicion sufficient to stop the defendant. *See* Def.'s Resp. 2. According to the government's statement of facts, however, the preliminary observation of the defendant and the stop of the defendant were all conducted by officers other than Officer Villafane. *See* Gov't Br. 2–5, ECF No. 29. If the government intends to call Officer Villafane to testify to his reasonable suspicion, the government is requested to produce to the court as soon as possible this afternoon for in camera review the disciplinary files relating to the CCRB charge.

So ordered.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:   February 22, 2019
         Brooklyn, New York