UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

— against —

NGOMANI DEKATTU,

*Defendant*.

No. 18-CR-474 (ARR)

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

On April 10, 2019, defendant, Ngomani Dekattu, pleaded guilty to one count of being a felon in possession of a firearm. Guilty Plea, ECF No. 52; Judgment 1, ECF No. 66. I sentenced Mr. Dekattu to forty-six months' imprisonment followed by three years' supervised release on August 8, 2019. Judgment 2–3. Mr. Dekattu has served the majority of his prison sentence and is scheduled to be released on November 23, 2021. Bureau of Prisons ("BOP"), *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Dec. 29, 2020). Mr. Dekattu alleges that he will be "released to a community residence" in seven months' time. Def.'s Mot. 1, ECF No. 74.

Mr. Dekattu now moves *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, Mr. Dekattu's motion is denied.

### LEGAL STANDARD

The First Step Act allows criminal defendants to move for "[m]odification of an imposed term of imprisonment" before a federal sentencing court. *Id.* § 3582(c). To qualify for such relief, defendants must show: (1) that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf," or that thirty days have lapsed

1

"from the receipt of such a request by the warden of [their] facility, whichever is earlier"[1]; (2) that "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment; (3) that these reasons outweigh "the factors set forth in section 3553(a) to the extent that they are applicable"; and (4) that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A); *see United States v. Cato*, No. 16-CR-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (noting that defendant bears the burden of proof). "Even if a defendant carries this burden, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *Cato*, 2020 WL 5709177, at *3 (internal quotation marks omitted).

Accordingly, in determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that defendants present to support a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id*. at 237–38 (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission's policy statement explicating "extraordinary and compelling reasons" under § 3582(c) is not binding on a district court, *see id*. at 238 n.5, but it does provide some guidance. Where a defendant seeks a sentencing modification due to medical conditions, the Sentencing Commission suggests that "extraordinary and compelling reasons" may exist in two scenarios: first, where "[a] defendant is suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced

---

[1] Mr. Dekattu has not argued or provided any evidence that he has met the exhaustion requirement. However, given that his motion fails on the merits, I need not address this factor in my analysis.

2

dementia"; and second, where "[a] defendant is . . . suffering from a serious physical or medical condition, . . . suffering from a serious functional or cognitive impairment, or . . . experiencing deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [the defendant] is not expected to recover." U.S. Sentencing Comm'n, U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1(A)(i)–(ii) (2018) ("U.S.S.G.").

Extraordinary and compelling reasons may also exist based on "family circumstances," for example in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* at cmt. 1(C). In any scenario, "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." *Id.* at cmt. 2.

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . . .
    (5) any pertinent [Sentencing Commission] policy statement . . . .
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

A sentence reduction is consistent with the Sentencing Commission's policy statements if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The § 3142(g) factors are largely duplicative of those in § 3553(a), but they also include "whether the offense is a crime of violence" and "the weight of the evidence against the [defendant]." 18 U.S.C. § 3142(g)(1)–(4).

## DISCUSSION

Mr. Dekattu has not shown that extraordinary and compelling reasons warrant compassionate release. First, Mr. Dekattu cites the prevalence of COVID-19 and unsafe conditions at Schuylkill FCI. Def.'s Mot. 1. I recognize that COVID-19 continues to pose a real risk to this country's imprisoned population. There is an ongoing outbreak of COVID-19 at Mr. Dekattu's facility, with 205 inmates reportedly testing positive as of December 29, 2020. BOP, *COVID-19 Cases*, http://www.bop.gov/coronavirus/ (last visited Dec. 29, 2020). However, Mr. Dekattu has not presented me with any basis on which I could find that his risk is exceptional. He does not claim to have any pre-existing medical conditions that place him at a particular risk of suffering severe complications from COVID-19. Nor does Mr. Dekattu, who is thirty-eight years old, fall into a high-risk age bracket. *See* Centers for Disease Control and Prevention ("CDC"), *Older Adults*, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Dec. 29, 2020). Absent evidence that the COVID-19 pandemic poses a heightened risk to Mr. Dekattu in particular, rather than to the imprisoned population at large, I cannot conclude that his risk is an extraordinary and compelling reason warranting his release. *See United States v. Turnbull*, No. 16-CR-809 (VM), 2020 WL 5089439, at *1 (S.D.N.Y. Aug. 28, 2020) ("Numerous courts have found that the risks posed by the pandemic alone do not constitute

extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease."); *United States v. Washington*, No. 14-CR-215 (LJV), 2020 WL 1969301, at *4 (W.D.N.Y. Apr. 24, 2020) (finding no extraordinary and compelling reasons for release when the defendant submitted no medical evidence showing that COVID-19 posed an increased risk to him, despite the presence of COVID-19 at the defendant's facility); *United States v. Pinto-Thomaz*, No. 18-CR-579 (JSR), 2020 WL 1845875, at *2–3 (S.D.N.Y. Apr. 13, 2020) (recognizing that concerns about the spread of COVID-19 in a crowded prison were justified but finding no extraordinary and compelling reasons when the defendants were "no different from a host of other prisoners" and there was no evidence of widespread transmission in their facilities).

Second, the family circumstances that Mr. Dekattu cites in support of his motion do not justify his release. Mr. Dekattu states that he is suffering "deep emotional distress and mental anguish" after finding out that his mother has been hospitalized for a serious case of COVID-19. Def.'s Mot. 2. However, he alleges neither "[t]he death or incapacitation of the caregiver of [his] minor child or minor children" or "[t]he incapacitation of [his] spouse or registered partner when [he] would be the only available caregiver for the spouse or registered partner"—the only family circumstances acknowledged by the Sentencing Commission to permit compassionate release. U.S.S.G. § 1B1.13 cmt. 1(C). Nor has he indicated that he is the only person available to care for his mother.

Because Mr. Dekattu has not established extraordinary and compelling reasons for release, I deny his motion on that basis and need not consider the exhaustion requirement or the § 3553(a) factors.

## CONCLUSION

For the reasons set forth above, Mr. Dekattu's motion for compassionate release is denied.

SO ORDERED.
Dated: December 29, 2020
      Brooklyn, NY

      /s/
   Allyne R. Ross
   United States District Judge